UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 76.252.239.158,<br><br>  Defendant. | Case No.: 20-CV-2117 TWR (LL)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE UNREDACTED VERSIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT, PROPOSED SUMMONS, AND RETURN OF SERVICE UNDER SEAL**<br><br>(ECF No. 9) |

Presently before the Court is Plaintiff Strike 3 Holdings, LLC's *Ex Parte* Application for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint, Proposed Summons, and Return of Service under Seal. ("*Ex Parte* Application," ECF No. 9.) Plaintiff's *Ex Parte* Application requests the unredacted First Amended Complaint, the proposed Summons, and the Return of Service to be filed under seal on the basis that these documents contain Defendant's name, address, and additional factual information which directly links the Defendant to the alleged infringement in this case.

Courts have historically recognized a "general right to inspect and copy public

records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate compelling justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation omitted).

After examination of the documents at issue, the Court agrees with Plaintiff and finds that despite the generally recognized right to inspect records and documents in this country, Plaintiff has overcome this strong presumption of access by providing compelling reasons to seal. *See Nixon*, 435 U.S. at 597 & n.7; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (holding that a "compelling reasons standard applies to most [motions to seal] judicial records."). Here, the documents Plaintiff wishes to seal include information regarding Defendant's identity. Given the subject matter of the alleged infringement is adult motion pictures, there are valid privacy concerns for Defendant. Additionally, Plaintiff has filed a redacted version of the First Amended Complaint (ECF No. 8), so the public is able to access all available information regarding this action, apart from Defendant's identity. Balancing the need for the public's access to information and Plaintiff's interest in keeping this information private weighs strongly in favor of sealing, at least at this early stage of the litigation. However, the Court will reevaluate this issue after Defendant has entered an appearance.

Accordingly, the Court **GRANTS** Plaintiff's *Ex Parte* Application as follows. (Doc. No. 9.) The Seal Clerk is **ORDERED** to file the unredacted First Amended Complaint, proposed Summons, and Return of Service (ECF No. 10) **UNDER SEAL**. After Defendant enters an appearance in this case, Plaintiff and Defendant **SHALL FILE** a renewed motion

to seal <u>no later than thirty (30) days after the date Defendant enters an appearance</u>. *If no renewed motion to seal is filed within thirty days after Defendant enters an appearance, the Court may order all sealed documents in this action to be unsealed without further notice to the parties.*

**IT IS SO ORDERED.**

Dated: March 26, 2021

_____
Honorable Todd W. Robinson
United States District Court